IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KEITH CLOUDY,

                              Petitioner,                      OPINION AND ORDER

    v.

                                                    16-CV-734-wmc

UNITED STATES OF AMERICA,

                              Respondent.

Petitioner Keith Cloudy, a federal prisoner incarcerated at the Federal Correctional Institution in Oxford, Wisconsin, seeks post-conviction relief pursuant to 28 U.S.C. § 2241. Cloudy pleaded guilty in the Northern District of Indiana to possessing with intent to distribute a quantity of a mixture or substance containing a detectable amount of cocaine base in violation of 21 U.S.C. § 841(a)(1). *United States v. Cloudy*, No. 13-cr-147 (N.D. Ind. Aug. 13, 2015). In their plea agreement, the government and Cloudy agreed that he qualified for a two-level enhancement pursuant U.S.S.G § 2D1.1(b)(1) for possession of a dangerous weapon. At sentencing, the court ordered Cloudy to serve 57 months in prison and 24 months of supervised release.

In his petition to this court, Cloudy seeks to challenge the Bureau of Prison's ("BOP") decision to deny him a one-year sentence reduction for completing the residential drug program ("RDAP"), which was denied because of the weapons possession enhancement. This petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases, which applies to petitions not brought under

1

§ 2254.  *See* Rule 1(b), Rules Governing Section 2254 Cases.  While it appears that Cloudy's petition may be moot because he was recently been released from confinement, his petition will also be dismissed at initial screening because it is plainly apparent that Cloudy is not entitled to relief.

OPINION

District courts cannot award or calculate credit for time served at sentencing; the Attorney General, via the BOP, computes credit and otherwise administers federal sentences. *United States v. Wilson*, 503 U.S. 329, 334-35 (1992).  Even so, "[a] § 2241 petition allows [the court] to adjudicate whether the BOP is correctly administering federal sentences." *Taylor v. Lariva*, 638 F. App'x 539, 541 (7th Cir. 2016); *see also Romandine v. United States*, 206 F.3d 731, 736 (7th Cir. 2000) ("Requests for sentence credit, or for recalculation of time yet to serve, . . . must be presented to the Attorney General (or her delegate, the Bureau of Prisons), and adverse decisions may be reviewed by an action under 28 U.S.C. § 2241.").

Cloudy contends that he should have received a one-year sentence reduction for completing RDAP on September 19, 2016.  Under 18 U.S.C. § 3621(e)(2)(B), "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve."  Thus, even when a prisoner is otherwise eligible for early release, whether the one-year

sentence reduction is applied falls with the BOP's discretion. *Lopez v. Davis*, 531 U.S. 230, 241 (2001) ("When an eligible prisoner successfully completes drug treatment, the Bureau thus has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment.").

From Cloudy's submissions, it appears that the BOP determined that he was not eligible for early release as a result of his sentence enhancement for possessing a weapon. The court is unaware of any case law that would empower a court to reverse the BOP's exercise of discretion to deny sentence reduction after a determination that he meets the definition of a violent offender based his conviction of possessing a firearm while distributing illegal drugs. As set forth above, even assuming that Cloudy *were* eligible for the sentence reduction, "Section 3621(e)(2)(B) permits but does not compel early release, so it would be difficult to say that the custody violates even a statute[,]" much less the Constitution. *Bush v. Pitzer*, 133 F.3d 455, 456 (7th Cir. 1997).

Because Cloudy was not automatically entitled to a one-year sentence reduction, he has failed to state a claim for habeas relief. *See Richmond*, 387 F.3d at 605 ("The difference between a claim of entitlement to be released, and an opportunity to be considered for release, also affects the choice between § 2241 and a mundane civil action[.]"); *Martin v. Holinka*, No. 10-cv-391, 2011 WL 382913, at *1 (W.D. Wis. Feb. 3, 2011) (declining to consider a petitioner's claim under § 2241 because "if petitioner prevailed on his claim, [the court] would direct the bureau to exercise its discretion in determining an appropriate sentence reduction for petitioner, but [the court] could not order petitioner's release on a

particular date"). The writ of habeas corpus is not designed to address this type of complaint.

ORDER

IT IS ORDERED that petitioner Keith Cloudy's petition for a writ of habeas corpus is DENIED for failure to show that he is in custody in violation of the Constitution or the laws of the United States, and this case is DISMISSED

Entered this 27th day of April, 2018.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge